The opinion sets out the material averments of the petition.
CaMpbele, Ghief Justice,
delivered the opinion of the court:
The petition filed April 6, 1927, is in the name of Cyrus E. Spears, and sets forth that he is a member of the Seneca Tribe of Indians, residing in the State of New York. It alleges that on December 4, 1848, the Seneca Indian Nation met in convention and abolished their tribal laws and customs and petitioned the United States and the State of New Yolk for permission “ to put their nation out of existence ” and to be brought under the laws of the general Government and State in lieu of their abolished status. This latter statement is qualified by the copy of the declaration changing the Indian form of government and the New York statute, made exhibits to the petition. It is also alleged that, notwithstanding the convention mentioned, the council of the Seneca Tribe continued to dispose of property of the tribes, that petitioner’s mother was a full-blooded Seneca Indian entitled to be enrolled as a member of the tribe and has been accorded her rights as such, having been paid an allotment in accordance with New York Indiam v. United States, 170 U. S. 1; 173 U. S. 464. Alleging that in May, 1906, the question of petitioner’s right to membership in the said tribe was before the court (see In re Appeal of New York Indians, 41 C. Cls. 462) and petitioner was awarded his part of what was known as the “Kansas money,” and the courts had erroneously held that the tribal laws were still in force without knowledge of the fact of the convention of 1848 and ratification, and that petitioner did not know of this convention until 1923, the prayer is that the court determine petitioner’s status resulting from the convention of 1848 and its ratification with reference to the ownership of the real and *686 personal property of the tribe; that the United States be made to account as guardians of the Seneca Tribe and their descendants since 1848, to ascertain the names of those entitled to be enrolled as members of the tribe and the amount due any such for unpaid annuities and for general relief.
The petition is demurred to upon the ground that it does not state a cause of action. Certainly, in the absence of a jurisdictional statute the court is without power to determine the matters presented, if they can be said to present a cause of action at all. Jurisdiction of this court is expressly excluded from claims growing out of or dependent upon a treaty with Indian tribes. (Judicial Code, Sec. 153, U. S. C. 259, p. 898.) Our statute of limitations is six years. The petition does not show a claim against the United States. The demurrer should be sustained and the petition dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; and Booth, Judge, concur.